IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM B. CATER                                         PLAINTIFF

V.                          5:05CV00232HDY

JO ANNE B. BARNHART,
Commissioner
Social Security Administration                          DEFENDANT

### ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). Plaintiff filed an application for DIB alleging that he became disabled on November 15, 1997. He alleges that his disability is caused by prostatitis, carpal stenosis, gastrointestinal problems, and disc herniation at T7-T8 with bulging discs. (Tr. 16, 56, 79). On January 26, 2005, the ALJ issued a decision denying Plaintiff benefits. The ALJ found that Plaintiff could perform his past relevant work (PRW) as a construction superintendent, merchandise manager, laundromat manager, and vending machine manager. The parties have briefed the issues.

In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

In assessing the substantiality of the evidence, the Court must consider evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

At the time of the hearing, Plaintiff was 57 years old. He had a General Educational Development (GED) degree and had attended some college courses. (Tr. 16, 85, 556). He had previously held jobs as a construction superintendent, merchandise manager, washateria manager, and vending machine manager. A vocational expert, Richard Marron, M.S., testified at Plaintiff's hearing before the ALJ that the work Plaintiff had done in the past as a construction superintendent was light and skilled. His work as a merchandise manager and washateria manager was sedentary and skilled. (Tr. 581).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration. 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of his disability. Next, the ALJ determined whether Plaintiff had a "severe" impairment or a combination of impairments. The ALJ found that the objective medical evidence supported a conclusion that the Plaintiff had a history of medically determinable impairments associated with right paracentral herniated nucleus pulposus at T7-T8, a history of degenerative joint disease, degenerative disc change with central disc herniations at C3-C4, C4-C5, C5-C6 and C6-C7, combined with a developmentally small spinal canal to cause multilevel spinal stenosis, a history of hypertension, a history of gastroesophageal reflux (GERD), gastritis, colon polyps, fatty liver and a history of prostatitis. The ALJ also noted a "limited history of

allegations of situational symptoms of anxiety with allegations of depression." (Tr. 17). The ALJ concluded that the Plaintiff's combination of impairments would impose significant restrictions in his ability to perform basic work activities and would thus, be "severe" within the meaning of the Regulations. (Tr. 19). However, the ALJ found that Plaintiff's subjective reports of depression and anxiety had never been of such severity to totally preclude him from all work activity, nor was there evidence from which to conclude that the symptoms had ever had any more than very minimal impact on his ability to perform basic work activities. Therefore, any disability related to depressions was "non-severe." (Tr. 20).

At the third step of the process, the ALJ found no evidence that any of Plaintiff's impairments met the criteria of a listed impairment described in Appendix 1 of the Regulations (10 CFR, Part 404, Subpart P, Appendix 1, Regulations No. 4) and that no treating or examining physician had mentioned findings equivalent in severity to the criteria of any listed impairment. (Tr. 21).

Fourth, the ALJ had to determine the Plaintiff's residual functional capacity, or the range of work activities which he could perform despite his impairments. The ALJ found that Plaintiff did possess the residual functional capacity to perform his past relevant work based upon the Plaintiff's physical restrictions and the requirements of his previous work as sedentary to light skilled work. (Tr. 21-25). Thus, Plaintiff was found not to be under a "disability" as defined in the Social Security Act at any time through the date of the decision.

Plaintiff's first assertion of error is the ALJ's finding that Plaintiff had "no significant non-exertional limitations." (Tr. 26). Plaintiff argues that all of his *impairments* are non-exertional. The ALJ stated only that Plaintiff had no significant non-exertional *limitations* which

prevented him from performing his past relevant work.  He based this opinion on a thorough review of the evidence presented by the Plaintiff, including Plaintiff's testimony, and the vocational expert's assessment of Plaintiff's past relevant work.  Plaintiff cites the Court to medical records from a physician who treated Plaintiff when he was in college in 1969.  Plaintiff argues that the ALJ did not consider this evidence.  The Court finds this argument to be without merit.  Dr. Alfred Kahn, Jr. examined and treated Plaintiff 28 years before the alleged onset of Plaintiff's disability.  This doctor's findings had little value in assessing Plaintiff's limitations at the time of the hearing.  Although Plaintiff has many impairments, the evidence supports the ALJ's assessment that Plaintiff is not precluded from performing his past relevant work.  Plaintiff's argument seeks to place the burden of proof on the ALJ.  It is the Plaintiff's burden, and not the ALJ's burden, to prove the claimant's residual functional capacity.  *Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003).

     Next, Plaintiff argues that the ALJ was obliged to order that Plaintiff undergo a consultative examination.  The ALJ is not required to order consultative evaluations of every alleged impairment; the Regulations simply grant the ALJ authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.  *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).  There is sufficient medical evidence in the record.  The fact that the evidence does not indicate that Plaintiff has significant physical limitations is not a basis for ordering a consultative evaluation.

     Plaintiff contends that the ALJ's decision was insufficient because he failed to comply with the special psychiatric review technique requirements of 20 C.F.R. 404.15209a)(d)(1)(I).  This argument also fails.  Plaintiff did not allege mental impairments in his application.

Plaintiff's medical evidence did not indicate that Plaintiff suffered from a major depressive disorder or any psychiatric disorder.  Plaintiff claimed that he was prescribed Trazadone, a psychotropic drug, to help with his "sleeping."  (Tr. 574-75).  Even though there was insufficient evidence to support a disability based upon a mental impairment, the ALJ analyzed the issue in detail.  (Tr. 20-21).  The ALJ's failure to complete a psychiatric review technique form is not reversible error.  *See* 20 C.F.R. §§ 404.1521(a), 416.921(a) (2003) (nonsevere mental impairment does not significantly limit mental ability to do basic work activities); *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining added medical evidence if existing evidence provides sufficient basis for decision); *Montgomery v. Shalala*, 30 F.3d 98, 100-01 (8th Cir.1994) (discussing failure to complete PRTF and harmless error).

      Plaintiff also argues that the ALJ did not adequately consider the findings by the Department of Veterans' Affairs.  A disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits.  *See Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir.1996).   Findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision.  *See Wilkins v. Callahan*, 127 F.3d 1260, 1262 (10th Cir.1997); *Baca v. Department of Health and Human Services*, 5 F.3d 476, 480 (10th Cir.1993); *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979).  The ALJ expressly considered the VA's determination that the Plaintiff had a 30% disability.  (Tr. 23).  He concurred by stating that the evidence confirmed Plaintiff has "some degree of impairment," however, he went on to conclude that "the evidence as a whole does not support a conclusion that the claimant would be completely precluded from all work

activity at every exertional level." (Tr. 23). The Court finds that the ALJ adequately considered the VA's finding of disability.

Plaintiff also argues that the ALJ did not consider Plaintiff's impairments in combination. However, the Court finds that the ALJ sufficiently considered the combined effect of Plaintiff's impairments, mental impairments and complaints of pain. *Mapes v. Chater*, 82 F.3d 259, 264 (8th Cir. 1996). (Tr. 17-26). The ALJ discussed Plaintiff's physical impairments, history of depression/anxiety, and pain, as well as his daily level of activity, the ALJ concluded that his medically determinable impairments do not prevent him from performing his past relevant work. (Tr. 26). "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Secretary of H.H.S.,* 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988).

Finally, Plaintiff argues that the ALJ's credibility analysis was fatally flawed and not in compliance with 20 CFR 404.1529. Specifically, Plaintiff contends that the ALJ failed to consider the side effects and the ineffectiveness of Plaintiff's medications. Plaintiff cites the Court to pages 262 through 266 of the Transcript in support of his contention that the ALJ failed to recognize the side effects of Plaintiff's medication. There is an indication in the cited medical record that Plaintiff had GI upset resulting from one drug, Proxicam. There is no notation in the record that Plaintiff requested alternative medication. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1996)(claim of significant side effects inconsistent with failure to request alternative treatment from physician). Further, Plaintiff testified at the hearing that certain "blue pills" prescribed by Dr. Rogers were not effective for his gastrointestinal problems. However, Plaintiff went on to explain that Pepcid worked better for him. (Tr. 577). There is no evidence that

Plaintiff's medications caused chronic side effects or that Plaintiff was unable, after trying alternative medications, to find relief from his symptoms without side effects.  There is evidence in the record that Plaintiff's pain was controlled to a Level 4, which indicated that his medication was effective.  (Tr. 23).   There is also evidence that Plaintiff found herbal remedies to be helpful to him.   A failure to seek aggressive treatment is not suggestive of disabling back pain.  *Barrett*, 38 F.3d at 1023.  Therefore, the Court finds Plaintiff's argument that the ALJ erred by failing to recognize the side effects and ineffectiveness of his medication to be without merit.

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of Disability Insurance Benefits to Plaintiff.  It is clear, as the ALJ pointed out, that Plaintiff suffers from several impairments which cause him pain and discomfort.  However, there is sufficient evidence in the record to support the ALJ's assessment that Plaintiff is not completely precluded from performing his past relevant work.

Accordingly, Plaintiff's appeal is DENIED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 27th day of November 2006.

James M. Moody  
United States District Judge